USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 16 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
POLICEMAN'S ANNUITY AND BENEFIT FUND :
OF THE CITY OF CHICAGO, :
:
                                  Plaintiff, :
:
              -v- :
:
BANK OF AMERICA, N.A. (as Trustee :
Under Various Pooling and Servicing :
Agreements), and U.S. BANK NATIONAL :
ASSOCIATION (as Trustee Under Various Pooling:
and Servicing Agreements), :
:
                              Defendants. :
:
------------------------------------------------------------------X

12 Civ. 2865 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

In correspondence dated May 13, 2013, and at a scheduling conference held on May 14, 2013, defendants requested the Court certify, sua sponte, its Memorandum Decision and Order of May 6, 2013 ("May 6 Order") for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). After careful consideration of the relevant case law, the parties' correspondence, and the issues raised in this litigation, the Court declines to certify its May 6 Order.

The Court may certify an issue for interlocutory appeal only where it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "'[T]he power [to grant an interlocutory appeal] must be strictly

limited to the precise conditions stated in the law.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990)(quoting Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir.1959)).

The primary issue regarding which defendants seek interlocutory review – the applicability of § 304(a)(2) of the Trust Indenture Act, 15 U.S.C. § 77ddd(a)(2), to the Certificates here at issue – is not a "controlling" issue of law, nor is it clear that the appeal will materially advance the ultimate termination of this litigation. The Court notes in this regard that the discovery on the breach of contract claim will be largely duplicative of that necessary for the TIA claim; therefore, resolution of the TIA issue will not "materially advance" the termination of this matter. In addition, the Court does not believe there is a "substantial ground for difference of opinion" as to the applicability of the TIA. Judge Pauley adopted a similar rationale in his reconsideration opinion in the Bank of New York Mellon case, and the appeal in that matter will provide the Second Circuit an opportunity to address the § 304(a)(2) issue if it so chooses. See Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v. Bank of New York Mellon, No. 11 Civ. 5459 (WHP), 2013 WL 593766, at *4 (S.D.N.Y. Feb. 14, 2013). The Court adheres to the "basic policy of postponing appellate review until after the entry of a final judgment". See

Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

    SO ORDERED:

Dated: New York, New York
      May 16, 2013

                                              KATHERINE B. FORREST
                                              United States District Judge