UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, LABORERS' PENSION FUND AND HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, IOWA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, and ARKANSAS PUBLIC EMPLOYEES' RETIREMENT SYSTEM,<br><br>       Plaintiffs,<br><br>   - against-<br><br>BANK OF AMERICA, NA (as Trustee Under Various Pooling and Servicing Agreements), and U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements),<br><br>       Defendants. | Case No. 1:12-cv-2865-KBF<br><br>ECF Case |

**MEMORANDUM OF LAW OF U.S. BANK NATIONAL ASSOCIATION
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Michael S. Kraut
John M. Vassos
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0600
Tel: (212) 309-6000
Fax: (212) 309-6001

*Attorneys for Defendant
U.S. Bank National Association*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT .............................................................................................. 1
FACTS ....................................................................................................................................... 2
ARGUMENT ............................................................................................................................. 5
    A.    Plaintiffs Sold Their Certificates in the 16 MSJ Trusts Before U.S. Bank Became Trustee and Therefore Cannot Demonstrate that U.S. Bank Caused Their Purported Losses ............................................................................................ 6
    B.    U.S. Bank Did Not Assume BANA's Liabilities When It Became Trustee ................ 7
        a.    The WMALT 2006-5 Instrument of Appointment ............................................ 7
        b.    The Purchase Agreement .................................................................................... 9
CONCLUSION ........................................................................................................................ 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown v. Eli Lilly and Co.*,
   654 F.3d 347 (2d Cir. 2011) ................................................................................ 6

*CSI Inv. Partners II, L.P. v. Cendant Corp.*,
   507 F. Supp. 2d 384 (S.D.N.Y. 2007) ................................................................. 7

*F.D.I.C. v. Great Am. Ins. Co.*,
   607 F.3d 288 (2d Cir. 2010) ................................................................................ 5

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................ 7

*Smith Barney Transfer Agent Litig.*,
   765 F. Supp. 2d 391 (S.D.N.Y. 2011) ................................................................. 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ..................................................................................................... 5

## PRELIMINARY STATEMENT

Plaintiffs' Second Amended Class Action Complaint (the "SAC") asserts claims with respect to 19 residential mortgage-backed securitization trusts, which they label the "Covered Trusts." Defendant U.S. Bank National Association ("U.S. Bank") seeks partial summary judgment dismissing Plaintiffs' claims against it arising out of 16 of the 19 Covered Trusts (the "16 MSJ Trusts").[1] U.S. Bank was not the original trustee for any of the Covered Trusts, and Plaintiffs sold their certificates in the 16 MSJ Trusts *before* U.S. Bank became the trustee for the 16 MSJ Trusts. As explained herein, U.S. Bank did not assume liability for acts of prior trustees with respect to the 16 MSJ Trusts. Accordingly, U.S. Bank is entitled to partial summary judgment because Plaintiffs cannot demonstrate that U.S. Bank is liable for any of Plaintiffs' purported losses with respect to the 16 MSJ Trusts.

In June 2012, U.S. Bank moved to dismiss a prior complaint in this action because, among other reasons, Policemen's Annuity and Benefit Fund of the City of Chicago ("Chicago Police")—at the time, the only Plaintiff—never held any certificates while U.S. Bank was trustee of any trust then at issue.[2] Although it was undisputed that Chicago Police sold all of its certificates before U.S. Bank became trustee of any of those trusts, the Court declined to dismiss Chicago Police's claims against U.S. Bank: "[c]onstruing the Complaint in the light most

---

[1] The 16 MSJ Trusts are: WaMu Mortgage Pass-Through Certificates WMALT Series 2006-AR6 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR8 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR10 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR11 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR12 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR14 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR16 Trust; WaMu Mortgage Pass-Through Certificates Series 2006-AR18 Trust; WaMu Mortgage Pass-Through Certificates WMALT Series 2006-AR2 Trust; WaMu Mortgage Pass-Through Certificates WMALT Series 2006-5 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY1 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY2 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY3 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY4 Trust; WaMu Mortgage Pass-Through Certificates Series 2007-HY6 Trust; and WaMu Mortgage Pass-Through Certificates Series 2007-HY7 Trust.

[2] Supp. Mem. Law U.S. Bank Nat'l Ass'n Further Supp. Jt. Mot. Dismiss, at 2, ECF No. 20.

favorable to plaintiffs," the Court left open the possibility that U.S. Bank had agreed to assume liabilities for the alleged misconduct of the prior trustee, Bank of America, N.A. ("BANA"). Opinion and Order, Dec. 7, 2012 (the "December 7 Order"), at 40-41, ECF. No. 46. In doing so, this Court recognized that "U.S. Bank may indeed have a viable motion in the future." *Id.* That time has come, and U.S. Bank now moves for partial summary judgment based on documents that unequivocally demonstrate that U.S. Bank did not assume liability for BANA's prior acts.

Following the Court's December 7 Order, Plaintiff filed an Amended Class Action Complaint on January 4, 2013 and then filed the SAC on January 15, 2013. In the SAC, Chicago Police, along with three new plaintiffs, (collectively, "Plaintiffs") allege breaches by Defendants in connection with the Covered Trusts. SAC, ¶ 1. With respect to three of the Covered Trusts, Plaintiffs allege that at least one Plaintiff continued to hold certificates—albeit temporarily— after U.S. Bank became trustee. Accordingly, those three trusts are not at issue in this motion. However, U.S. Bank is entitled to summary judgment dismissing the claims relating to the remaining 16 MSJ Trusts because Plaintiffs cannot establish that U.S. Bank is liable for Plaintiffs' purported losses.

## FACTS

Plaintiffs began purchasing certificates of the 16 MSJ Trusts in June 2006 (Chicago Police's purchase of certificates of WMALT 2006-AR5) and conducted its last sale of certificates of the 16 MSJ Trusts in June 2010 (Iowa Public Employees' Retirement System's sale of certificates in WaMu 2007-HY2). SAC, Exhs. A, C. At no time during that period was U.S. Bank the trustee for any of the 16 MSJ Trusts.

LaSalle Was the Original Trustees of the 16 MSJ Trusts, and BANA Acquired LaSalle

When the securitization transactions involving each of the Covered Trusts closed, LaSalle Bank National Association ("LaSalle") was the trustee. SAC, ¶ 1. U.S. Bank was not a party to those transactions.

In or about 2007, BANA acquired LaSalle and became trustee of the Covered Trusts. SAC, ¶ 20. In February 2009, BANA resigned as trustee of the WMALT 2006-5 Trust, and JPMorgan Chase Bank, National Association, which was the servicer for that trust, (the "WMALT 2006-5 Servicer") appointed U.S. Bank to act as Successor Trustee, pursuant to Section 8.07 of the PSA that governed the WMALT 2006-5 Trust.[3] The appointment was effective following the execution by the WMALT 2006-5 Servicer, BANA, and U.S. Bank of an Instrument of Appointment and Acceptance of Successor Trustee, dated as of February 9, 2009 (the "WMALT 2006-5 Instrument of Appointment"). *Id.* As set forth in greater detail below, the WMALT 2006-5 Instrument of Appointment unequivocally stated that U.S. Bank did not assume liabilities for the conduct of the predecessor trustee.

Of the four Plaintiffs in this litigation, only one—Chicago Police—ever held certificates of the WMALT 2006-5 Trust.[4] Chicago Police purchased certificates of this trust on June 27, 2006 and sold them on March 19, 2008. *Id.* In light of the fact that U.S. Bank was not appointed to be the trustee for the WMALT 2006-5 Trust until February 2009, no plaintiff held certificates of that trust while U.S. Bank has acted as its trustee.

---

[3] SAC, ¶ 21; Affidavit of Jessica Elliott sworn to July 26, 2013 ("Elliott Aff."), Exh. A.
[4] The dates on which Plaintiffs sold their certificates in the 16 MSJ Trusts appear in Exhibits A-D to the SAC. ECF Nos. 57-1 – 57-4.

U.S. Bank Acquires BANA's Securitization Trust Administration Platform

In December 2010, U.S. Bank acquired BANA's securitization trust business, which included the remaining 15 of the 16 MSJ Trusts. SAC, ¶ 21. ████████████████████████████████████████████████████████████████████████████████ As explained below, pursuant to the Purchase Agreement, BANA retained liability for its conduct during the period when it (or LaSalle) acted as trustee for the affected trusts, and U.S. Bank agreed to be liable for its own conduct after it became trustee of the affected trusts.

U.S. Bank became trustee of 15 of the 16 MSJ Trusts in connection with the BANA platform acquisition.[6] The following table identifies: (i) those 15 trusts, (ii) which Plaintiffs held certificates of those trusts, and (iii) the date of Plaintiffs last sale of those certificates:

████████████████████████████████████████████████████████████████████████████

| Trust | Plaintiff(s) That Invested in The Trust | Plaintiffs' Last Sale |
|---|---|---|
| WaMu 2006-AR16 | Chicago Police | 1/30/2009 |
| WaMu 2007-HY1 | Chicago Police | 8/28/2008 |
| | Chicago Laborers | 7/13/2009 |
| | Iowa PERS | 4/27/2010 |
| WaMu 2006-AR12 | Chicago Police | 7/9/2009 |
| WaMu 2007-HY7 | Chicago Police | 7/22/2008 |
| WaMu 2007-HY3 | Chicago Laborers | 10/21/2009 |
| | Arkansas PERS | 4/21/2009 |
| | Iowa PERS | 5/8/2009 |
| WaMu 2006-AR10 | Chicago Laborers | 7/14/2009 |
| WaMu 2006-AR11 | Chicago Laborers | 2/5/2010 |
| WMALT 2006-AR2 | Chicago Laborers | 9/24/2009 |
| WMALT 2006-AR6 | Chicago Laborers | 3/1/2010 |
| | Iowa PERS | 4/22/2010 |
| WaMu 2007-HY2 | Arkansas PERS | 5/8/2009 |
| | Iowa PERS | 6/17/2010 |
| WaMu 2006-AR8 | Arkansas PERS | 5/7/2009 |
| WaMu 2007-HY4 | Arkansas PERS | 11/6/2008 |
| WaMu 2006-AR18 | Arkansas PERS | 4/24/2009 |
| WaMu 2007-HY6 | Iowa PERS | 12/1/2009 |
| WaMu 2006-AR14 | Iowa PERS | 4/1/2010 |

As the above table reflects, Plaintiffs sold their certificates of 15 of the 16 MSJ Trusts before U.S. Bank became trustee of those trusts in January 2011.

## ARGUMENT

A motion for summary judgment is appropriately granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010). Upon such a demonstration, the non-moving party must come forward with specific evidence demonstrating the existence of a genuine issue of material fact. *Id.* The non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts and may

not rely on conclusory allegations or unsubstantiated speculation. *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

U.S. Bank is entitled to summary judgment on Plaintiffs' claims relating to the 16 MSJ Trusts because: (a) Plaintiffs sold their certificates before U.S. Bank became trustee and therefore cannot demonstrate that U.S. Bank is liable for any of their purported losses, and (b) U.S. Bank did not assume BANA's alleged liabilities when U.S. Bank became trustee.

### A. Plaintiffs Sold Their Certificates in the 16 MSJ Trusts Before U.S. Bank Became Trustee and Therefore Cannot Demonstrate that U.S. Bank Caused Their Purported Losses

As set forth in the SAC and summarized *supra*, Plaintiffs sold all of their certificates of the 16 MSJ Trusts before U.S. Bank became Trustee for those trusts. This undisputed fact eviscerates Plaintiffs' claims against U.S. Bank, which are premised on a theory that the Trustee breached duties that it owed to Plaintiffs. SAC, ¶¶ 105-13. Even if Plaintiffs prove that "the Trustee" breached a duty while Plaintiffs held certificates of the 16 MSJ Trusts, that breach could not have been committed by U.S. Bank, which was a complete stranger to the trusts at that time and had not assumed any duties to certificateholders, including Plaintiffs. Assuming, *arguendo*, that Plaintiffs could demonstrate that U.S. Bank breached a duty to certificateholders during the period when it has acted as trustee for the 16 MSJ Trusts, such breach could not have caused any losses to Plaintiffs, which did not hold certificates at the time. Taken together, under *no* circumstances could U.S. Bank have breached a duty that caused a loss to Plaintiffs with respect to the 16 MSJ Trusts.

For the same reasons, Plaintiffs also lack standing to sue U.S. Bank in connection with the 16 MSJ Trusts. As this Court previously has stated, "[t]o demonstrate constitutional standing under Article III, a plaintiff must establish: (1) an injury-in-fact; (2) *that is fairly traceable to the defendants allegedly unlawful conduct*; and (3) that is likely redressable 'by a favorable

decision.'" December 7 Order, ECF No. 46, at 11 (emphasis added) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). A plaintiff lacks standing to sue for a breach of a contract to which that plaintiff is not a party, because "[w]ithout a contractual relationship, there cannot be a contractual remedy." *CSI Inv. Partners II, L.P. v. Cendant Corp.*, 507 F. Supp. 2d 384, 412-13 (S.D.N.Y. 2007), *aff'd*, 328 F. App'x 56 (2d Cir. 2009); s*ee also Smith Barney Transfer Agent Litig.*, 765 F. Supp. 2d 391, 400 (S.D.N.Y. 2011). Accordingly, Plaintiffs cannot demonstrate that they suffered any injury that is "fairly traceable" to U.S. Bank, and therefore they lack standing to assert claims against U.S. Bank, in connection with the 16 MSJ Trusts.

### B. U.S. Bank Did Not Assume BANA's Liabilities When It Became Trustee

In response to U.S. Bank's motion to dismiss a prior complaint in this action, Chicago Police attempted to avoid dismissal by arguing that U.S. Bank had "not presented any evidence regarding the terms of the agreement pursuant to which it acquired [BANA's] corporate trust business, specifically, any terms relating to issues of successor liability." *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss, ECF No. 30, at 41. Of course, U.S. Bank could not have submitted such evidence at the motion to dismiss stage.

Freed from the constraints of a motion to dismiss, U.S. Bank submits with this motion evidence that it did not accept BANA's liabilities for the conduct alleged in the SAC. As explained in detail below, the WMALT 2006-5 Instrument of Appointment and the Purchase Agreement unequivocally demonstrate that U.S. Bank did not assume BANA's liabilities with respect to the 16 MSJ Trusts.

    a.   The WMALT 2006-5 Instrument of Appointment

U.S. Bank did not assume BANA's liabilities when it was appointed as trustee for the WMALT Series 2006-5 Trust.

-8-

In or about February 2009, Bank of America resigned as trustee for the WMALT 2006-5 Trust, and the WMALT 2006-5 Servicer appointed U.S. Bank to act as successor Trustee pursuant to Section 8.07 of the governing PSA. *See supra* at n.3. The appointment was memorialized in an Instrument of Appointment, and the appointment of U.S. Bank as Successor Trustee was effective as of that date. *See supra* at n.3. Chicago Police, the only Plaintiff that ever held certificates of the WMALT 2006-5 Trust, sold its certificates in that trust months earlier, in July 2008. *See supra* at n.4.



The terms of the Instrument of Appointment could not have been clearer: U.S. Bank did not assume BANA's liabilities, if any, for the latter's alleged breaches as trustee for the WMALT 2006-5 Trust.

———————————

b. <u>The Purchase Agreement</u>

Similar to the Instrument of Appointment, the Purchase Agreement explicitly states that U.S. Bank assumed liability for *its* performance of duties *after* the sale but that BANA retained liability for *its* actions *prior* to the sale.

As described *supra* at 4, U.S. Bank acquired BANA's securitization trust platform (the "Platform Sale") pursuant to the Purchase Agreement and became trustee for 15 of the 16 MSJ Trusts in January 2011. The parties set forth in great detail their respective rights and obligations under the terms of the Purchase Agreement, including their respective liabilities. Of particular relevance here, Section 2.3 of the Purchase Agreement, entitled ████████████████ states that ████████████████████████████████ but that ████████ ████████████████████████████████████████████████████ ████████ In Section 1.1, the Purchase Agreement defines, in relevant part, ████████ to include:

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

████████████████████████████████
████████████████████████████████

_____

████████████████████████████████
████████████████████████████████

-10-

 Accordingly, Plaintiffs cannot demonstrate that U.S. Bank assumed liability for BANA's alleged breaches, and U.S. Bank is entitled to summary judgment, to the extent that Plaintiffs' claims relate to the 15 of the 16 MSJ Trusts that migrated to U.S. Bank after execution of the Purchase Agreement.

---



## CONCLUSION

For the foregoing reasons, this Court should grant summary judgment to U.S. Bank on all Plaintiffs' claims with respect to the 16 MSJ Trusts.

Dated: New York, New York
      July 29, 2013

MORGAN, LEWIS & BOCKIUS LLP

_/s/ Michael Kraut_
 Michael S. Kraut
John M. Vassos
101 Park Avenue
New York, NY  10178
Tel:  (212) 309-6000
Fax: (212) 309-6001