

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 2 5 2014

**DEBORAH CLARK-WEINTRAUB**

Writer's Direct Dial Number
(646) 571-0607

Writer's Direct Email Address
dweintraub@scott-scott.com

April 23, 2014

<u>Via ECF and</u>
<u>Hand Delivery</u>

Hon. Katherine B. Forrest
United States District Court
For the Southern District of New York
500 Pearl Street, Room 730
New York, NY 10007

      Re: *Policemen's Annuity and Benefit Fund of the City of Chicago v. Bank of America, N.A. (as Trustee Under Various Pooling and Servicing Agreements) et al.*, Civil Action No. 1:12-CV-02865-KBF

Dear Judge Forrest:

      I write on behalf of Plaintiffs in the above-referenced matter in opposition to Defendants' request for expedited briefing on Defendants' intended motion to strike portions of the rebuttal report of Plaintiffs' expert, Dr. Michael Hartzmark. As explained below, Defendants' request for expedited briefing with respect to a *second* motion directed at the opinions of Dr. Hartzmark is unwarranted and inefficient and should be denied. Defendants' request is especially unnecessary given Defendants' already pending *Daubert* motion with respect to Dr. Hartzmark, which the Court has scheduled for hearing on May 22, 2014.

      Although Defendants express shock and outrage that Dr. Hartzmark's rebuttal report contains purportedly "new" material, in fact, it does not. Dr. Hartzmark's rebuttal report simply expands upon the methodology outlined in his initial report in response to arguments raised by Defendants' proffered expert Dr. Christopher James. Furthermore, Defendants themselves conceded **weeks ago** that Dr. Hartzmark's rebuttal report would contain such a discussion in demanding that a second deposition of Dr. Hartzmark be scheduled even before his rebuttal report had been served and filed. Indeed, in an email dated March 28, 2014, BANA's counsel, James Rutten stated the following in support of Defendants' demand that a date be set for a second deposition of Dr. Hartzmark:

> ***Dr. Hartzmark is presumably not going to be submitting a reply report that is merely redundant of what he has already said. Instead, it is entirely predictable***

**NEW YORK**      SCOTT+SCOTT, ATTORNEYS AT LAW, LLP      212-223-6444 VOICE
OHIO      THE CHRYSLER BUILDING      212 223-6334 FAX
CALIFORNIA      405 LEXINGTON AVENUE, 40th FLOOR      SCOTTLAW@SCOTT-SCOTT.COM
CONNECTICUT      NEW YORK, NY 10174-4099      WWW.SCOTT-SCOTT.COM

Hon. Katherine B. Forrest
April 23, 2014
Page 2

> *that he will express opinions and criticisms in response to those contained in Dr. James' report.* That, of course, would be new material, and we are entitled to examine him about this new material prior to the May 9 class certification hearing. We would, in turn, confine our examination to the new material and any new work, which obviously would not have been available to us at the time of his first deposition. That is an entirely appropriate basis for a supplemental deposition, and, as you are well aware, depositions of experts regarding a second, rebuttal report submitted by them are commonplace.

*See* Exhibit A (emphasis added).

Although Plaintiffs disagreed that a second deposition of Dr. Hartzmark was necessary (especially given Defendants' choice to depose Dr. Hartzmark *before* his rebuttal report was served), to compromise the parties' dispute, Plaintiffs agreed to make Dr. Hartzmark available for a second deposition not to exceed four hours on April 29, 2014. During the parties' discussions regarding scheduling a second deposition of Dr. Hartzmark, defense counsel never disclosed that they intended to move to strike Dr. Hartzmark's rebuttal report or request expedited briefing on such a motion. Now, under Defendants' proposed schedule for expedited briefing, Plaintiffs' opposition to the motion to strike would be due on April 28, the day before Dr. Hartzmark's second deposition. Plaintiffs respectfully submit that they should not be put to the burden of simultaneously preparing an expert for deposition while briefing on an expedited basis a motion to strike the very opinions about which the expert is being deposed.

Plaintiffs respectfully submit that Defendants' maneuvering with respect to Dr. Hartzmark is purely tactical and has nothing to do with surprise or prejudice. As noted above, Defendants knew from the outset that Dr. Hartzmark would be submitting a rebuttal report responding to the criticisms contained in Dr. James' report. As Mr. Rutten acknowledged in his email, that is the purpose of a rebuttal report. Nevertheless, Defendants filed a *Daubert* motion before even seeing Dr. Hartzmark's rebuttal report. Further, Defendants have not been prejudiced in any way. Dr. Hartzmark's rebuttal report simply fleshes out some of the opinions he offered in his opening report and at his deposition based on his continuing work in the case, and Plaintiffs have agreed to make Dr. Hartzmark available for a second deposition on April 29 providing Defendants the opportunity to explore any aspect of Dr. Hartzmark's rebuttal report they believe is "new." Moreover, while Defendants bemoan the absence of a procedural opportunity to respond to Dr. Hartzmark's report, in fact, briefing on Defendants' already pending *Daubert* motion is ongoing and the motion itself will not be heard by the Court until May 22. In view of the foregoing, no additional sur-reply or supplemental report from Dr. James is required and certainly should not be permitted on the eve of the class certification hearing when Plaintiffs will not have an adequate opportunity to respond.

If, however, this Court permits the filing of a sur-reply and supplemental report from Dr. James before the class cert hearing, Plaintiffs request that it be submitted by Defendants by close of business on April 30, 2014, and that all information supporting the sur-reply, along with any password necessary to access the material, be simultaneously produced to Plaintiffs' counsel. In

Hon. Katherine B. Forrest
April 23, 2014
Page 3

their letter, Defendants assert that they are already "prepared to demonstrate that Dr. Hartzmark's new methodologies are palpably flawed," and Dr. James' deposition is currently scheduled to be conducted in Los Angeles on May 2.

                        Respectfully,
                        SCOTT+SCOTT, ATTORNEYS AT LAW, LLP

                        /s/Deborah Clark-Weintraub

                        Deborah Clark-Weintraub

cc: All Counsel (*via* ECF)

---

**Ordered**

Plaintiff's opposition extended to May 1, 2014. Defendants' reply due May 2 by 6 pm.

/s/ K. B. Forrest
USDJ
4/24/14