Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**John M. Vassos**
Partner
212.309.6158
jvassos@morganlewis.com

May 2, 2014

**BY CM/ECF**

The Hon. Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *Policemen's Annuity & Benefit Fund of the City of Chicago, et al. v. Bank of America, N.A., et al.*, No. 1:12-cv-02865-KBF (S.D.N.Y filed Apr. 11, 2012)

Dear Judge Forrest:

We write on behalf of our client, Defendant U.S. Bank National Association ("U.S. Bank"), in response to the Court's April 30, 2014 order that U.S. Bank address "the issue of prejudice (apart from the prejudice incident to timing alone)" in connection with U.S. Bank's April 29, 2014 letter to the Court. In that letter, U.S. Bank requested that the Court deny Plaintiffs' Amended Motion for Class Certification (the "Amended Motion") to the extent that it seeks relief that was not requested in Plaintiffs' original Motion for Class Certification—appointment of Central States as a representative of the putative U.S. Bank class—because Plaintiffs failed to comply with Federal Rule of Civil Procedure 16(b)(4). (ECF No. 245.)

Beyond the prejudice inherent in adding the claims of additional trusts to the putative class seeking certification of a class against U.S. Bank, the prejudice resulting from Plaintiffs' unexplained delay in naming Central States as a potential class representative against U.S. Bank is limited. Based on Plaintiffs' original Motion for Class Certification and Memorandum of Law in Support of Class Certification (filed on January 17, 2014), U.S. Bank believed that Central States was not seeking to represent a class against U.S. Bank. Thus, when counsel for U.S. Bank attended the March 28, 2014 deposition of Central States, counsel asked very few questions and did not fully explore issues relevant to U.S. Bank, including: (i) Central States' knowledge and awareness that U.S. Bank had succeeded Bank of America as trustee, (ii) the knowledge of Central States and its agents of the alleged problems relating to the Covered Trusts prior to the time U.S. Bank became trustee, and (iii) the timing and rationale of Central States purchases and sales of certificates in the Covered Trusts both before and after U.S. Bank became trustee. Furthermore, had Central States promptly informed U.S. Bank of its "clerical error" in its original Motion, U.S. Bank could have used the deposition to test whether Central States had the requisite "good cause" required by Rule 16(b)(4) to justify amending the Motion.

Morgan Lewis
COUNSELORS AT LAW

The Hon. Katherine B. Forrest
May 2, 2014
Page 2

As set forth in more detail in our original letter on this topic, Rule 16(b)(4) puts the onus on the party seeking modification of a scheduling order to: (1) seek leave of court, and (2) demonstrate good cause, which depends on the diligence of the moving party. *See* Fed. R. Civ. P. 16(b)(4); *Smith v. N.Y.C. Dep't of Educ.*, 524 F. App'x 730, 733 (2d Cir. 2013). Plaintiffs have not have done either, which alone is sufficient reason to deny the additional relief sought. *See Holmes*, 568 F.3d at 335 (2d Cir. 2009). In contrast, Rule 16(b)(4) does not require that U.S. Bank show prejudice. *See Gullo v. City of N.Y.*, 540 F. App'x 45, 47 (2d Cir. 2013) ("summary order") ("That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence.").

At this point, U.S. Bank does not believe it is necessary to delay this Court's ruling on Plaintiffs' Motion for Class Certification by requesting an additional deposition of Central States or submitting additional briefing. It merely contends that before the Court considers whether to grant the substantive relief that Plaintiffs seek in their Amended Motion, Plaintiffs should be compelled to comply with the Federal Rules by demonstrating good cause for their failure to timely seek appointment of Central States as a class representative against U.S. Bank.

Respectfully,

*/s/ John M. Vassos*

John M. Vassos