UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 0 5 2014

------------------------------------------------------------------- X

POLICEMEN'S ANNUITY AND BENEFIT
FUND OF THE CITY OF CHICAGO, et al.,

              Plaintiffs,

    -v-

BANK OF AMERICA, NA, et al.,

              Defendants.

12 Civ. 2865 (KBF)

WASHINGTON STATE INVESTMENT
BOARD, et al.,

              Plaintiffs,

    -v-

BANK OF AMERICA, et al.,

              Defendants.

13 Civ. 5978 (KBF)

MEMORANDUM
DECISION & ORDER

------------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

Before the Court is defendant U.S. Bank National Association's motion for partial summary judgment. (ECF No. 192.)[1] Defendant asks this Court to apply its September 2013 opinion ("Op.", ECF No. 133) to the Consolidated Third Amended Class Action Complaint ("Compl.", ECF No. 145) and to dismiss plaintiffs' claims against it with respect to 23 of the 34 trusts at issue in the case.[2] For the following

---

[1] While summary judgment on essentially the same issue has been granted once, the Consolidated Third Amended Class Action Complaint was filed subsequent to that decision, adding new plaintiffs. Accordingly, a new motion and new decision was appropriate here.

[2] Plaintiffs have dropped their claims with respect to the WaMu 2006-AR17 trust. (Pls.' Opp. 1 n.1.) Therefore, there are 34 trusts at issue in the case rather than the 35 that appear in the Consolidated Third Amended Class Action Complaint. (See Defs.' Mot. 2 n.1.)

reasons, that motion is GRANTED.

The Court assumes familiarity with the factual and procedural history of this case. Plaintiffs are institutional investors who purchased certificates in 34 residential mortgage-backed securitization trusts between 2005 and 2008. (Compl. ¶ 1.) LaSalle National Association was the trustee for the trusts when they were formed. (Id. ¶ 26.) In 2007, defendant Bank of America, N.A. became the trustee for the trusts. (Id.) In February 2009 and December 2010, U.S. Bank became the successor trustee for all 34 trusts. (Id. ¶ 27.) Pursuant to a November 11, 2010 purchase agreement, Bank of America retained liability for its own conduct during the period when it or LaSalle acted as trustee, and U.S. Bank agreed to be liable only for its own conduct after it became trustee. (Kraut Decl. Ex. B §§ 1.1, 2.3, ECF No. 193; see also Op. 5–6.)

The 23 "no-plaintiff trusts" at issue on this motion comprise two sets of trusts. First, plaintiffs allege claims against U.S. Bank as to the same 13 trusts that were at issue in the September 2013 opinion; plaintiffs do not dispute that no named plaintiff, including the newly added plaintiffs, held a certificate in these trusts during the relevant period. Plaintiffs have also added additional trusts in which plaintiffs did not hold certificates while U.S. Bank was a trustee, or in which they held certificates but have elected not to pursue claims.

Defendants claim that the Court should dismiss plaintiffs' claims alleging breaches of contract as to the pooling and service agreements ("PSAs") and violations of statutory duties owed under the Trust Indenture Act of 1939 ("TIA")

2

against U.S. Bank with respect to the 23 trusts. The Court agrees.

It is axiomatic that, to establish a breach of contract against U.S. Bank, plaintiffs must first demonstrate the existence of a contractual obligation. <u>See</u> <u>RCN Telecom Servs., Inc. v. 202 Centre St. Realty LLC</u>, 156 F. App'x 349, 350–51 (2d Cir. 2005). However, for the same reasons as those underlying the Court's September 2013 opinion, "[t]here simply were no contractual obligations flowing from defendant U.S. Bank to plaintiffs" as to the 23 no-plaintiff trusts. (<u>See</u> Op. 2.) Because "U.S. Bank's obligations were derived solely from its position as trustee," plaintiffs who sold their certificates in trusts before U.S. Bank became trustee cannot show that U.S. Bank owe them any obligation. (<u>See</u> <u>id.</u> at 12.) Additionally, the "relevant contractual documents (the Instrument of Appointment and the Purchase agreement) unambiguously leave any liability for any breaches of the predecessor trustee's obligations (if any) with that predecessor trustee," not with U.S. Bank. (<u>See</u> <u>id.</u>) "In the absence of any binding obligations, there can be no breach; and in the absence of a breach by defendant, there can be no damage traceable to any action by defendant U.S. Bank." (<u>Id.</u> at 13.) Because breaches of the TIA require breaches of the PSAs, those claims must be dismissed as well. Thus, "summary judgment is entirely appropriate." (<u>Id.</u>)

Rather than address the merits of the named plaintiffs' substantive claims, plaintiffs focus entirely on the issue of class standing.[3] Article III standing is a

---

[3] U.S. Bank also dedicates part of its motion to the claim that the named plaintiffs lack class standing to assert claims against U.S. Bank with respect to the 23 trusts. (Defs.' Mot. 6–10.) The Court need not reach this issue in light of its determination that U.S. Bank owed no contractual obligations to plaintiffs, and that no breach of contract claim may lie.

threshold jurisdictional inquiry, not a merits-based inquiry. See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 126 (2d Cir. 2003) ("It is clear that constitutional standing is a jurisdictional perquisite to suit.") (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998)). Additionally, "a plaintiff has class standing if he plausibly alleges (1) that he personally has suffered some actual injury as a result of the putatively illegal conduct of the defendant, and (2) that such conduct implicates the same set of concerns as the conduct alleged to have caused injury to other members of the putative class by the same defendants." NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co., 693 F.3d 145, 162 (2d Cir. 2012) (alteration, citations, and internal quotation marks omitted).

Applying NECA-IBEW, the named plaintiffs argue that they have suffered injury themselves due to U.S. Bank's breaches with respect to 12 of the 34 trusts (those not at issue on this motion), and that—as for the other, similar trusts—U.S. Bank breached the same obligations in the same way, thus causing injury to "all putative class members." (Pls.' Opp. 7.) Therefore, plaintiffs argue that they possess class standing with respect to all 34 trusts.

However, class standing is a separate question from the merits of a plaintiff's claim. This opinion, like the September 2013 opinion, adjudicates plaintiffs' substantive claims on the merits—not their claims as to class standing—and finds them lacking. Nothing about the facts of a putative class prevents the Court from determining the merits of a plaintiff's claim prior to class certification in such a manner. "[T]he determination of whether a class meets the requirements of Rule 23

require that class certification be addressed first. 'There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper Rule 12 motion to dismiss or Rule 56 motion for summary judgment simply because such a motion' precedes resolution of the issue of class certification." Schweizer v. Trans Union Corp., 136 F.3d 233, 239 (1998) (quoting Lorber v. Beebe, 407 F. Supp. 279, 291 n.11 (S.D.N.Y. 1976)); see also Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 214 (2d Cir. 1987) (finding that the district court did not err in resolving motions to dismiss a complaint prior to class certification).

As was true in the September 2013 opinion, the Court's determination that the named plaintiffs cannot show a contractual obligation running from U.S. Bank to them with respect to the 23 no-plaintiff trusts is not dispositive of class standing or class certification; nor does it claim to be. It is, however, dispositive of plaintiffs' individual claims with respect to the no-plaintiff trusts. In fact, class standing is an entirely irrelevant question here. With no class certified, plaintiffs cannot stand in the shoes of those whom they purport to represent with respect to the merits of their claims.

The named plaintiffs cannot demonstrate any contractual obligation by U.S. Bank as to the 23 no-plaintiff trusts at issue on this motion.  Therefore, defendant U.S. Bank's motion for partial summary judgment is GRANTED.  The Clerk of Court shall terminate the motion at ECF No. 192.

SO ORDERED.

Dated:  New York, New York
        May 2, 2014

_____
KATHERINE B. FORREST
United States District Judge