Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com


COUNSELORS AT LAW

**John M. Vassos**
Partner
212.309.6158
jvassos@morganlewis.com

May 27, 2014

The Hon. Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Policemen's Annuity and Benefit Fund of the City of Chicago, et al., v. Bank of America, NA, et al.,* Case No. 1:12-CV-02865-KBF

Dear Judge Forrest:

We write on behalf of U.S. Bank National Association ("U.S. Bank"), in response to Plaintiffs' May 21, 2014 Memorandum of Law ("Plaintiffs' Memorandum" or "Pls.' Mem.") asking the Court to reconsider its May 5, 2014 Order ("May 5 Order"). (ECF Nos. 252, 266.) For all of the following reasons, the Court properly dismissed all of Plaintiffs' claims as to the Trusts in which Plaintiffs did not invest while U.S. Bank was trustee (the "No-Plaintiff Trusts"), and Plaintiffs fail to meet the high threshold required on a motion for reconsideration.

### The Court's May 5 Order is Well-Reasoned and Well-Supported.

In its May 5 Order, the Court exercised its broad discretion to decide the merits of Plaintiffs' individual claims before ruling on their motion for class certification. (May 5 Order 4-5.) As Plaintiffs concede, there is no question that the Court was well within its authority to do so. *See* Pls.' Mem. 2 ("[I]t was certainly within the Court's discretion to adjudicate USB's motion for summary judgment before Plaintiffs' motion for class certification."); *Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) ("[W]e hold that the court did not abuse its discretion in reserving decision on the motion to certify pending the outcome of the motions to dismiss."); *accord Wright v. Schock*, 742 F.2d 541, 545 (9th Cir. 1984) ("Neither Fed. R. Civ. P. 23 nor due process necessarily requires that the district court rule on class certification before granting or denying a motion for summary judgment.").[1]

---

[1] Plaintiffs' efforts to distinguish the cases cited by the Court on this point fall flat. (*See* Pls.' Mem. 6-8 (discussing *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998), and *Christensen*, 815 F.2d 206).) Indeed,


Morgan Lewis
COUNSELORS AT LAW

The Hon. Katherine B. Forrest
May 27, 2014
Page 2

Having dismissed Plaintiffs' individual claims with respect to the No-Plaintiff Trusts on the merits before certification of a class, the Court properly held that the issue of class standing is, therefore, "entirely irrelevant." (May 5 Order 4-5.) "With no class certified, [P]laintiffs cannot stand in the shoes of those whom they purport to represent with respect to the merits of their claims." (*Id.* at 5.) Indeed, "there is no difference in a class action just because it is pled as a class action, versus a nonclass action, for a motion as to liability pre-class certification." May 9, 2014 Hr'g Tr. 114:15-18; *see also In re Puda Coal Sec. Inc. Litig*, No. 11-CV-2598(KBF), 2013 WL 5493007, at *15 (S.D.N.Y. Oct. 1, 2013) (granting motions for summary judgment on certain claims before class certification and narrowing the putative classes accordingly); *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009) ("Having determined that Defendant is entitled to summary judgment dismissing all of Plaintiffs' claims other than the training claim, the Court will forego determination of the class certification motion with respect to those claims.").[2]

Contrary to Plaintiffs' assertion, courts are not constrained to decide the merits of a case before class certification only in "unusual" circumstances. (Pls.' Mem. 7.) Rather, courts may do so where, as here, it would not prejudice any of the parties and would "protect both the parties and the court from needless and costly further litigation." *Christensen*, 815 F.2d at 214 (quoting *Wright*, 742 F.2d at 544); *accord Schweizer*, 136 F.3d at 239 (citing *Christensen*, 815 F.2d at 214); *In re Starbucks*, 264 F.R.D. at 75 ("A court should consider whether an initial ruling on the merits of a claim would protect the parties from needless and costly further litigation and whether such a ruling would prejudice any of the parties."); *Wright v. Schock*, 742 F.2d at 543-44 (court may rule on motion for summary judgment before deciding class certification "where the parties will not suffer significant prejudice").

Here, the Court's May 5 Order does not—and could not—"prejudice any of the ***parties***." *See In re Starbucks*, 264 F.R.D. at 75 (emphasis added). Even before the Court's ruling, Plaintiffs "readily conceded" that they have no individual claims with respect to the No-Plaintiff Trusts and that "those particular Plaintiffs do not claim an injury and will not seek a recovery on their own behalf." (Pls.' Opp'n to U.S. Bank's Mot. for Partial Summ. J. ("Opp'n to MPSJ") 4 n.4 (ECF No. 215); *see also* Pls.' Mem. 1 ("USB's individual liability to Plaintiffs for these 22 trusts

---

Plaintiffs concede that those cases support the principle that the Court has discretion to decide merits issues before ruling on class certification, which is the only purpose for which the Court cited them. (*See* May 5 Order.)

[2] Plaintiffs' contention that the "Court's finding that Plaintiffs do not have individual claims as to the [No-Plaintiff Trusts] has no bearing on the substance of the class's claims as to those trusts" is entirely unsupported and contrary to the law cited herein. (Pls.' Mem. 7.) And their claim that the "Court's rulings to date indicate that the class ha[d] legally valid claims with respect to [the No-Plaintiff Trusts]" similarly lacks support and is puzzling given that at this stage the Court has not determined that *any* claims in this case are "legal valid." (*Id.*) Indeed, ***at most*** the Court held earlier in the case that some of the Plaintiffs pled some of their claims in accordance with minimal pleading standards. (*See* Dec. 7, 2012 Order (ECF No.46.), May 6, 2013 Order (ECF No.74).)



**Morgan Lewis**
COUNSELORS AT LAW

The Hon. Katherine B. Forrest
May 27, 2014
Page 3

was never even at issue in this action.")[3]  Thus, Plaintiffs ***themselves*** have ***no*** stake whatsoever in the claims against U.S. Bank with respect to the No-Plaintiff Trusts and cannot, therefore, be prejudiced by the dismissal against U.S. Bank of all claims related to those Trusts.[4] Moreover, any putative class members who were invested in the No-Plaintiff trusts during that time that U.S. Bank was trustee will not be bound by the Court's judgment.[5]

The Court's May 5 Order also protects the parties from needless and costly further litigation. Given that Plaintiffs have conceded their individual claims with respect to the No-Plaintiff Trusts, those claims were properly dismissed at the earliest practicable time.

### Plaintiffs Have Presented Neither Controlling Law Nor Facts Warranting the Court's Reconsideration of Its May 5 Order.

Despite the foregoing law and facts, Plaintiffs ask the Court to reconsider its May 5 Order. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see* Local Civ. R. 6.3 (Motions for reconsideration must be supported by a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.").

Plaintiffs have presented neither controlling law nor facts that the Court overlooked in its May 5 Order. Instead, Plaintiffs simply reargue—for the *fourth* time in this case—that Plaintiffs' claims should not be dismissed with respect to the No-Plaintiff Trusts because they have class standing to maintain them pursuant to *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012). *See* Pls.' Notice of New Authority in Opp'n to Defs.' Mot. to Dismiss 1-9 (ECF No. 42); Pls.' Mem. of Law in Opp'n to U.S. Bank's Mot. for Partial Summ. J. 7 (ECF No. 110); Opp'n to MPSJ 5-10; Pls.' Mem. of Law in Supp. of Mot. for Class Certification ("Class Cert. Mot.") 18-19 (ECF No. 165). But the Court clearly did not overlook

---

[3] Plaintiffs' statement that U.S. Bank's "individual liability to Plaintiffs for" No-Plaintiff Trusts "was never even at issue in this action" is surprising in light of the fact that Plaintiffs reasserted these individual claims in their Third Amended Complaint despite the Court's prior dismissal of those same claims. (*See* Third Amend. Compl. ¶¶ 1, 15-25 (ECF No. 145).) And although Plaintiffs claim that U.S. Bank could have sought their dismissal on a motion to dismiss (as if defendants have an obligation to do so), U.S. Bank sought dismissal of those claims on a Motion for Partial Summary Judgment because it (and the Court) relied upon the agreements pursuant to which U.S. Bank became trustee of the Trusts, which are outside of the pleadings. (*See* U.S. Bank's Mem. of Law in Supp. of Mot. for Partial Summ. J. ("MPSJ") 2-4 (ECF No. 194); May 5 Order 3; Sept. 23, 2013 Order 5-6, 12-13 (ECF No. 133).)

[4] Whether Plaintiffs' counsel may claim a pecuniary interest in trying to resuscitate those claims is irrelevant to this analysis. *See In re Starbucks*, 264 F.R.D. at 75.

[5] Moreover, this case has been pending for more than two years, and on numerous occasions additional individual Plaintiffs have joined the case. Thus, investors who were invested in the No-Plaintiff Trusts during the period when U.S. Bank was trustee have had an opportunity to step forward to assert their claims.



The Hon. Katherine B. Forrest
May 27, 2014
Page 4

*NECA*. The Court considered that decision and held that it need not address *NECA* here because Plaintiffs lack individual claims with respect to the No-Plaintiff Trusts and there is no class for Plaintiffs to represent with respect to those claims. (May 5 Order 4-5 (setting forth the standard for class standing under *NECA*, citing *NECA*, summarizing Plaintiffs' arguments pursuant to *NECA*, and concluding that class standing under *NECA* is irrelevant with respect to the No-Plaintiff Trusts).) The Court further explained at the hearing on Plaintiffs' Class Certification Motion that *NECA* is inapposite. In *NECA*, there was no determination as to liability—only a ruling regarding standing on a motion to dismiss. Here, there has been a ruling on liability on a Rule 56 motion—*i.e.*, the Court found that U.S. Bank is not liable with respect to the No-Plaintiff Trusts. Thus, the No-Plaintiff Trusts are dismissed for all purposes and are no longer at issue in this case.[6] (*See* May 9, 2014 Hr'g Tr. 112:6-23.) Plaintiffs may not like the Court's interpretation of *NECA*, but they cannot seriously contend that the Court overlooked it. Having failed to present any controlling authority or facts that the Court overlooked, the Court should decline Plaintiffs' invitation to reconsider its May 5 Order.

Plaintiffs' also cite two other cases, both of which are unavailing. First, Plaintiffs cite to *Oklahoma Police Pension & Retirement System v. U.S. Bank National Association*, No. 11-CV-8066, 2013 WL 6508843 (S.D.N.Y. Dec. 12, 2013). Plaintiffs fail to mention in their brief that Judge Koeltl—like this Court—disagreed with the unduly expansive interpretation of *NECA* that the same counsel that represents Plaintiffs here presented. Judge Koeltl granted U.S. Bank's motion for partial summary judgment and dismissed the plaintiff's contract claim. *Id.* at *1. The plaintiff argued that, despite the court's grant of summary judgment to U.S. Bank on the plaintiff's breach of contract claim, the plaintiff somehow retained class standing to pursue a breach of contract claim solely on behalf of others. Specifically, the plaintiff argued that "USB's position that a named plaintiff must demonstrate individual standing with respect to each claim asserted in the complaint simply cannot be reconciled with the foregoing authorities, including *NECA*." Pls.' Supp. Memo. of Law in Opp'n to Def.'s Mot. for Partial Summ. J. 5 (filed Nov. 12, 2013 in *Okla. Police Pension & Ret. Sys.*, No. 11-CV-8066). Judge Koeltl rejected that overly broad reading of *NECA* and held that the grant of summary judgment meant that the plaintiff could not pursue that claim solely on behalf of putative class members. *Okla. Police*, 2013 WL 6508843 at *6. Equally important for this motion, Plaintiffs already cited extensively to Judge Koeltl's decision in their Opposition to U.S. Bank's Motion for Partial Summary Judgment. (*See* Opp'n to MPSJ 5-8.) Thus, this Court has already considered that decision, which in any event is not controlling, and declined to follow it.

Second, Plaintiffs cite *In re U.S. Foodservice Inc. Pricing Litigation*, 729 F.3d 108 (2d Cir. 2013), for the proposition that a court can certify class claims under a contract theory on behalf

---

[6] As Plaintiffs point out, *NECA*'s application to claims similar to those here are currently on appeal before the Court of Appeals for the Second Circuit. *See Ret. Bd. of the Policemen's Annuity and Benefit Fund of the City of Chi. v. Bank of N.Y. Mellon*, No. 13-1776 (2d Cir. filed ). The Court of Appeals recently heard argument on this issue.



The Hon. Katherine B. Forrest
May 27, 2014
Page 5

of class members who signed "separate and independent, but similar contracts." (Pls.' Mem. 6.) Plaintiffs, however, mischaracterize that case, which, in any event, is inapposite. In that case, the court "specifically found after reviewing the evidence that [the] contracts are substantially similar in all material respects." 729 F.3d at 119. Here, no such findings have been—or could be—made for reasons set forth in Defendants' class certification briefing. More importantly, Plaintiffs' citation to that opinion is a straw man and irrelevant to this issue the Court asked Plaintiffs to address. That case did not involve a motion for summary judgment; rather, the Court simply addressed whether the plaintiffs in that case met their class certification burden. Neither that case—nor any other case cited by Plaintiffs—stands for the proposition that a court must decide class standing and class certification before adjudicating liability, which is the only question at issue on this motion for reconsideration.[7] (*See* May 9 2014 Hr'g Tr. 114:8-23.)

In any event, even if the Court were to accept Plaintiffs' argument that "the Court erred" in dismissing the claims against U.S. Bank with respect to the No-Plaintiff Trusts without reaching the class standing issue, the result would be the same. As this Court held in its December 7, 2012 Order and U.S. Bank argued in its Motion for Partial Summary Judgment, "'[t]he Complaint's allegations (e.g., what was 'actually known' about the quality of the loans in each trust, whether an Event of Default occurred, etc.) examined against the unique composition of each trust demonstrates that the 'concerns' would be varied—not the 'same.'"[8] (MPSJ 8 (quoting Dec. 7, 2012 Order 17).) Because U.S. Bank's alleged conduct with respect to the No-Plaintiff Trusts does not raise the same set of concerns as its conduct with respect to the other Trusts, Plaintiffs lack class standing to assert claims with respect to the No-Plaintiff Trusts.

Finally, U.S. Bank's arguments herein are further supported by the fact that U.S. Bank as trustee of one trust is a separate juridical entity—*i.e.*, separate person under the law—from U.S. Bank as

---

[7] Plaintiffs' statement that "Defendants have not disputed that [the agreements at issue in this case] are substantially similar in all material respects, including by imposing substantially identical duties on USB with respect to each trust, nor have Defendants disputed the allegations that they breached those duties through a common course of conduct" is blatantly false. (Pls.' Mem. 6.) Defendants *ardently* dispute, and have always disputed, these allegations. (*See, e.g.*, Bank of America N.A.'s Opp'n to Class Cert. Mot. 30-54 (ECF No. 202); U.S. Bank's Opp'n to Class Cert. Mot. 6 (ECF No. 203).)

[8] Plaintiffs' contention that U.S. Bank "did not move for summary judgment on the Class's claims" is demonstrably false. (Pls.' Mem. 2.) Indeed, U.S. Bank extensively briefed why Plaintiffs lack class standing in its Memorandum of Law in Support of its Motion for Partial Summary Judgment. (*See* MPSJ 6-11.) Moreover, there is absolutely no basis for Plaintiff's assertion that U.S. Bank "did not address or attempt to dispute" Plaintiffs' supposed evidence regarding class standing or that it did not dispute the evidence presented in their Class Certification Motion. (*See* Pls.' Mem. 8-9.) U.S. Bank indisputably presented evidence in support of its argument that Plaintiffs lack class standing with respect to the No-Plaintiff Trusts, and U.S. Bank, as well as Bank of America, N.A., disputed the purported evidence Plaintiffs presented in their Motion for Class Certification. (*See* MPSJ 9-10 (citing expert's declaration); *see generally* Bank of America N.A.'s Opp'n to Class Cert. Mot.; U.S. Bank's Opp'n to Class Cert. Mot.) In any event, these arguments are irrelevant to this motion for reconsideration. (*See* May 9 2014 Hr'g Tr. 114:8-23.)



The Hon. Katherine B. Forrest
May 27, 2014
Page 6

trustee of any other trust.  *See, e.g.*, *McKean v. Scofield*, 108 F.2d 764, 765 (5th Cir. 1940) (Even if the trustees of each trust are the same person, "[i]n law the trustees [of each trust] are as separate as though they were different individuals."); *Mayo v. GMAC Mortg., LLC*, No. 08-cv-00568, 2010 WL 9073441, at *3-4 (W.D. Mo. Mar. 1, 2010) (holding that the plaintiff did not have standing to sue a trustee in its capacity as trustee for other trusts not holding plaintiff's loan).  Given that U.S. Bank as trustee of one trust is a separate defendant from U.S. Bank as trustee of another trust, Plaintiffs who assert a claim against U.S. Bank with respect to one trust do not, simply by virtue of that fact, have standing to assert a claim against U.S. Bank as trustee of another trust.

For all of the foregoing reasons and those set forth in U.S. Bank's Motion for Partial Summary Judgment, Plaintiffs have failed to carry their heavy burden of showing that the Court's May 5 Order was wrong.  Accordingly, the Court properly dismissed all claims—individual and putative class—against U.S. Bank with respect to the No-Plaintiff Trusts.

Respectfully,

John M. Vassos