# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO et al., <br><br> Plaintiffs, <br><br> - against - <br><br> BANK OF AMERICA, N.A. (as Trustee Under Various Pooling and Servicing Agreements) and U.S. BANK NATIONAL ASSOCIATION (as Trustee Under Various Pooling and Servicing Agreements), <br><br> Defendants. | CASE NO. 1:12-CV-02865-KBF <br><br> CASE NO. 1:13-CV-05978-KBF (consolidated) |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 1 2 2015

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This matter came before the Court on Plaintiffs' motion for final approval of the Settlement set forth in the Stipulation of Settlement dated as of November 7, 2014 (together with the exhibits thereto, the "Stipulation"). The Court, having directed full and adequate notice to all members of the Settlement Class, having held a Final Approval Hearing on __3 l 2__, 2015, and having considered all papers and arguments submitted in support of and in opposition to the motion and all proceedings in the Action, hereby GRANTS the motion and FINDS and ORDERS as follows:

1.      Definitions. This Final Judgment and Order of Dismissal With Prejudice ("Judgment Order") incorporates by reference the definitions in the Stipulation. All capitalized terms used but not defined herein shall have the meanings set forth in the Stipulation.

2.      Findings Regarding Jurisdiction. The Court finds that it has jurisdiction over the subject matter of the Action, all Parties to the Action, and all members of the Settlement Class.

3.      Findings Regarding Notice. The Court finds that the mailing and distribution of the Notice and the publication of the Publication Notice, as set forth in the Preliminary Approval Order, met the requirements of Federal Rule of Civil Procedure 23 and due process, and constituted the best and most reasonable notice practicable under the circumstances. Such notice included, among other things, individual notice to all members of the Settlement Class that could be identified through reasonable effort.

4.      Certification of Settlement Class. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, a Settlement Class consisting of Plaintiffs and every other person and entity that purchased or otherwise acquired any of the Certificates at any time (including but not limited to any beneficial owners), and that

       (i)      sold or otherwise disposed of the Certificates as of November 7, 2014, or

       (ii)     did not sell or otherwise dispose of the Certificates as of November 7, 2014, but suffered an Out-Of-Pocket Loss on an investment in a Certificate as of such date;

1

*provided, however,* that "Settlement Class" does not include (a) Defendants, JPMorgan Chase & Co., Washington Mutual Bank, and their respective parents, subsidiaries, and affiliates other than Investment Vehicles; (b) the FDIC as a potential successor to Washington Mutual Bank; (c) the named plaintiffs set forth in the July 16, 2014 Amended Complaint in the derivative action entitled *BlackRock Allocation Target Shares: Series S Portfolio et al. v. U.S. Bank National Association,* Index No. 651864/2014 (N.Y. Sup. Ct. N.Y. Cnty.); and (d) the persons and entities listed on the Appendix hereto, which submitted valid and timely requests for exclusion from the Settlement Class.

5.     Certification of Settlement Class Representatives and Class Counsel: Pursuant to Rule 23 of the Federal Rule of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs Policemen's Annuity and Benefit Fund of the City of Chicago; Laborers' Pension Fund and Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity; Iowa Public Employees' Retirement System; Arkansas Public Employees' Retirement System; Vermont Pension Investment Committee; Washington State Investment Board; Arkansas Teacher Retirement System; Public Employees' Retirement System of Mississippi; City of Tallahassee Retirement System; and Central States, Southeast and Southwest Areas Pension Fund as representatives for the Settlement Class, and appoints Plaintiffs' Counsel Scott+Scott, Attorneys at Law, LLP; Cohen Milstein Sellers & Toll PLLC; and Kessler Topaz Meltzer & Check LLP as Class Counsel for the Settlement Class.

6.     Findings Regarding Certification of Settlement Class. With respect to the Settlement Class, the Court finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Class Counsel can fairly and adequately represent and protect the interests of Settlement Class

2

members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Settlement Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

7.      Findings Regarding Settlement Fairness.  Pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement set forth in the Stipulation is in all respects fair, reasonable, and adequate.  The Court further finds that the Settlement set forth in the Stipulation is the result of arms-length negotiations between experienced counsel representing the interests of sophisticated institutional Parties.  The Court further finds that the record is sufficiently developed and complete to have enabled Plaintiffs and Defendants to have adequately evaluated and considered the strengths and weaknesses of their respective litigation positions, and the risks of further litigation.  All objections to the Settlement were fully considered by the Court, are found to lack merit, and are overruled.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects.  The Parties are hereby directed to perform its terms.

8.      Releases by Releasing Parties.  Upon the Effective Date, all Releasing Parties shall have, and shall be deemed to have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed with prejudice all Subject Claims as to all Released Parties, *provided, however*, that non-members of the Settlement Class shall not be deemed to have done so with respect to (i) any Certificate the non-member purchased or acquired from an unaffiliated Settlement Class member (or from a direct or indirect successor of a Settlement Class Member that is not a mutual affiliate of the non-member and the Settlement Class member) prior to the deadline for submitting requests for exclusion, or (ii) any Certificate the non-member purchased or acquired on or after the deadline for submitting requests for exclusion that were held by another non-member as of such deadline (unless the two non-members are mutual affiliates of a

3

Settlement Class member).  Settlement Class members may not assert Subject Claims against the Released Parties under any circumstances (*e.g.*, they may not file such lawsuits); however, nothing in this paragraph or in the Stipulation precludes a Settlement Class member that purchases or otherwise acquires a Certificate from an unaffiliated non-member on or after the deadline for submitting requests for exclusion from receiving or otherwise benefitting from any recovery in the BlackRock Litigation or any other litigation that may be brought by or on behalf of the Covered Trusts with respect to such Certificate.  In accordance with the Stipulation, "Subject Claims," "Releasing Parties" and "Released Parties" shall have the following meanings:

- "**Subject Claims**" means any and all Claims against the Released Parties that arise out of or relate to the facts, acts, omissions, transactions, or occurrences that have been alleged to form a basis of liability, or that could have been alleged to form a basis of liability, in the Action related to the Covered Trusts (including facts, acts, omissions, transactions, or occurrences alleged to be, or that could be alleged to be, past, present, or future recurrences or continuations of the alleged breaches of contract or other duty at issue in the Action).  For the avoidance of doubt, "Subject Claims" includes, but is not limited to, any and all Claims against the Released Parties that arise out of or relate to (i) documents missing or allegedly missing from loan files that were delivered to the Covered Trusts and/or the custodians for the Covered Trusts; (ii) breaches or alleged breaches of duty or of representations or warranties by the sellers of mortgage loans to the Covered Trusts; and/or (iii) breaches or alleged breaches of duty (whatever the source of such duty, be it contract, common law, statute, or other source) relating to (i) and (ii) by Defendants, or by the servicers, master servicers, or custodians of the mortgage loans in the Covered Trusts, related to the Covered Trusts.

- "**Releasing Parties**" means each of the Plaintiffs, the Settlement Class members, and their respective representatives, spouses, domestic partners, trustees, heirs, executors, administrators, beneficiaries, affiliates, subsidiaries, corporate parents, successors, and assigns in their capacities as such (including but not limited to persons or entities that purchase or otherwise acquire, beneficially or otherwise, any of the Certificates from any of the Plaintiffs or

4

Settlement Class members or their direct or indirect successors on or after the deadline for submitting requests for exclusion).

- "**Released Parties**" means Defendants in their respective individual and trustee capacities (including, in the case of BANA, as successor trustee to LaSalle Bank National Association; and in the case of U.S. Bank, as successor trustee to BANA), the Covered Trusts, and the Related Parties of each of the foregoing.

9.      Releases by the Covered Trusts.  The Covered Trusts shall be deemed to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed with prejudice the Covered Trusts' rights to recoveries against the Released Parties from Subject Claims, including in the BlackRock Litigation, that would flow to Releasing Parties through the Covered Trusts' waterfalls or otherwise.  For the avoidance of doubt, such releases, relinquishments, waivers, discharges, and dismissals shall not apply to any portion of any recoveries from the Released Parties that would not flow to Releasing Parties through the Covered Trusts' waterfalls or otherwise (*i.e.*, any portions that would flow to investors that are not Releasing Parties).[1]

10.      Releases by Released Parties.  Upon the Effective Date, the Released Parties shall have, and shall be deemed to have, fully, finally, and forever released, relinquished, waived, discharged, and dismissed with prejudice all Claims against Plaintiffs and Class Counsel arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Subject Claims (except Claims to enforce the Stipulation or for breach of the Stipulation).

11.      Releases of Unknown Claims.  Upon the Effective Date, all Releasing Parties; U.S. Bank on behalf of itself and the Covered Trusts; and the Released Parties shall have, and shall be deemed to have, waived, to the fullest extent permitted by law, any and all provisions,

---

[1] If in the future any court or other tribunal determines that it is not the Covered Trusts, but U.S. Bank in its trustee capacity, that is the holder of the Subject Claims, then U.S. Bank in its trustee capacity shall be deemed to have provided releases under this subparagraph.

rights, and benefits conferred by California Civil Code § 1542 (and any similar provision of any other jurisdiction) in connection with the releases set forth above. Section 1542 provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Releasing Parties; U.S. Bank on behalf of itself and the Covered Trusts; and the Released Parties, after opportunities to confer with their respective counsel, are hereby deemed to acknowledge that they hereafter may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Claims and rights released in the Stipulation and herein. Nevertheless, upon the Effective Date, they shall be deemed to have intended for such releases in the Stipulation and herein to extend to all Claims and rights encompassed therein and herein, whether known, unknown, suspected, unsuspected, concealed, hidden, accrued, unaccrued, contingent, or non-contingent.

12.    Injunctions.  Upon the Effective Date, all Releasing Parties shall be permanently enjoined from:

(i)    asserting or pursuing any of the Subject Claims against any of the Released Parties, whether directly, indirectly, or derivatively, whether on their own behalf, on behalf of a Covered Trust, or otherwise, and whether alone or in conjunction with others, and

(ii)    directing, encouraging, instigating, voting in favor of, joining, or fomenting in any way the assertion or pursuit by any person or entity (including any of the Covered Trusts or any trustee of any of the Covered Trusts) of any of the Subject Claims against any of the Released Parties;

*provided, however*, that non-members of the Settlement Class shall not be so enjoined with respect to (a) any Certificate the non-member purchased or acquired from an unaffiliated Settlement Class member (or from a direct or indirect successor of a Settlement Class Member that is not a mutual affiliate of the non-member and the Settlement Class member) prior to the

deadline for submitting requests for exclusion, or (b) any Certificate the non-member purchased or acquired on or after the deadline for submitting requests for exclusion that were held by another non-member as of such deadline (unless the two non-members are mutual affiliates of a Settlement Class member).

13.    Assignments.  Upon the Effective Date, all Releasing Parties shall have, and shall be deemed to have (i) irrevocably assigned to BANA any and all rights they may have to receive (directly or indirectly, including through the Covered Trusts' waterfalls) any recoveries from any of the Released Parties in connection with any of the Subject Claims asserted in any derivative or other litigation by or on behalf of a Covered Trust; and (ii) agreed, in the event they learn that such recoveries have been paid to them or their nominees, to use their best efforts to notify BANA within 45 days.  Notwithstanding the foregoing sentence, non-members of the Settlement Class shall not be deemed to have provided such an assignment with respect to (i) any Certificate the non-member purchased or acquired from an unaffiliated Settlement Class member (or from the direct or indirect successor of a Settlement Class Member that is not a mutual affiliate of the non-member and the Settlement Class member) prior to the deadline for submitting requests for exclusion; or (ii) any Certificate the non-member purchased or acquired on or after the deadline for submitting requests for exclusion that were held by another non-member as of such deadline (unless the two non-members are mutual affiliates of a Settlement Class Member).

14.    Administration of Settlement.  The Claims Administrator shall administer the Settlement in accordance with the provisions of the Stipulation and of the Preliminary Approval Order.  After the Effective Date has occurred and the claims administration process has been completed, Plaintiffs shall move the Court for an order (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of claims and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and (ii) directing that the Net Settlement Fund be distributed from the Escrow Account.  Upon entry of such an order, the Claims Administrator shall distribute the Net

Settlement Fund from the Escrow Account to Authorized Claimants pursuant to the Plan of Allocation.

15.     <u>Distributions Final and Conclusive</u>.  The payments provided for in the preceding paragraph shall be final and conclusive as against any and all members of the Settlement Class. All members of the Settlement Class whose claims on their Proof of Claim Forms are not valid shall not receive distributions from the Net Settlement Fund, but otherwise shall be bound by all the terms of the Stipulation and of the Settlement, including the terms of this Judgment Order and the releases, injunctions, and assignments provided for therein and herein.  No person or entity shall have any Claim against Plaintiffs, Class Counsel, the Claims Administrator, Defendants, or Defendants' counsel based upon distributions made substantially in accordance with the Plan of Allocation or an order of the Court.

16.     <u>Extension of Protections of Stipulated Amended Protective Order to Proof of Claim Forms</u>.  In accordance with paragraph 59 of the Stipulation, the Court hereby extends the terms of the Stipulated Amended Protective Order entered in this Action on July 24, 2013 to the Proof of Claim Forms filed with the Claims Administrator, provided, however, that Released Parties are permitted to use the documents in connection with enforcing the assignment of claims by Settlement Class members described above or in the Stipulation and/or supporting arguments concerning res judicata, release of claims, and the like in the event any Releasing Party attempts to assert Subject Claims against any of the Released Parties.

17.     <u>Certain Matters Independent of Judgment Order</u>.  No ruling of this Court, or of any other court, with respect to the Plan of Allocation or any award of Litigation Expenses and/or attorneys' fees shall affect or disturb this Judgment Order.  Such matters are separate and independent of this Judgment Order.

18.     <u>No Admissions</u>.  Whether or not the Effective Date occurs, the fact and terms of the Stipulation, any act performed or document signed in connection with the Settlement, and all negotiations, discussions, drafts, and proceedings in connection with the Settlement:

(i)     shall not be offered as evidence of, or construed as, any admission, concession, or presumption with respect to the truth or falsity of any fact alleged by Plaintiffs, the validity or infirmity of any Claim asserted by Plaintiffs, or the validity or infirmity of any defense asserted by Defendants;

(ii)    shall not be offered as evidence of, or construed as, any admission, concession, or presumption of any liability, wrongdoing, or fault of any kind on the part of any of the Released Parties;

(iii)   shall not be offered as evidence of, or construed as, any admission or concession of any lack of merit in any aspect of the claims asserted in the Action by any of the Releasing Parties; and

(iv)    shall not be offered into evidence, or otherwise referred to, in any proceeding or forum as against any of the Parties or the Released Parties, except in connection with proceedings to enforce the terms of the Stipulation or of this Judgment Order (including proceedings before or after the Effective Date to dismiss or stay any action asserting any of the Subject Claims); *provided, however*, that any of the Released Parties may file the Stipulation and/or this Judgment Order in any proceeding to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar argument, defense, or counterclaim.

19.     Continuing Jurisdiction.  Without affecting the finality of this Judgment Order, the Court retains continuing jurisdiction over (i) enforcing the terms of the Stipulation and of this Judgment Order, including but not limited to the releases, injunctions, and assignments provided for therein and herein; (ii) implementing the Settlement, including any distribution or disposition of the Settlement Fund or Net Settlement Fund, including interest earned thereon; (iii) hearing

9

and determining applications for Litigation Expenses and attorneys' fees; and (iv) all Parties and members of the Settlement Class for the purpose of construing, enforcing and administering the Stipulation and the Settlement. Additionally, all funds in the Escrow Account are *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are disbursed pursuant to the Stipulation and/or further order of the Court.

20. Effect of Termination of Settlement. If the Settlement is terminated or the Effective Date otherwise does not occur, (i) the terms of the Stipulation, of the Settlement, and of this Judgment Order shall be null and void except to the extent set forth in the Stipulation; (ii) the Settlement Fund, plus any interest earned or appreciation thereon, less any Taxes paid or due with respect to such income or appreciation, and less Notice and Administration Costs and Tax Costs paid or payable, shall be returned to BANA within 15 business days after termination or the event that causes the Effective Date not to occur; (iii) the Parties shall revert to the positions they occupied in the Action as of June 5, 2014; and (iv) the Stipulation, the facts of the Settlement, and this Judgment Order shall not be admissible for any purpose except as set forth in the Stipulation.

21. No Liability for Certain Matters. None of the Released Parties shall have any responsibility for, or liability relating to: (i) the provision of Notice or the publication of the Publication Notice; (ii) the establishment or administration of the Plan of Allocation; (iii) the establishment, maintenance, administration, or distribution of the Settlement Fund, the Net Settlement Fund, or the Escrow Account (other than BANA's obligation to deposit the Settlement Fund into the Escrow Account and other than Defendants' rights pertaining to Tax Costs and to Notice and Administration Costs in excess of $500,000 as set forth in the Stipulation); (iv) the allocation of any award of attorneys' fees or Litigation Expenses; (v) the receipt, review, determination, approval, disapproval, administration, calculation, or payment of claims on Proof of Claim Forms; (vi) the payment or withholding of Taxes or Tax Costs; (vii) the administration of the Settlement; or (viii) any losses incurred by any person or entity in connection with any of the foregoing matters.

10

22.     Successors and Assigns.  The Stipulation and the Judgment Order shall be binding on, and inure to the benefit of, the direct and indirect successors and assigns of the Parties and of the Settlement Class members (including but not limited to persons or entities that purchase or otherwise acquire, beneficially or otherwise, any of the Certificates from any of the Plaintiffs or Settlement Class members or their direct or indirect successors on or after the deadline for submitting requests for exclusion); *provided, however*, that this paragraph shall not alter or enlarge the definitions of Related Parties, Released Parties, and Releasing Parties set forth above or in the Stipulation, or the scope of the releases, injunctions, and assignments provided above or in the Stipulation.

23.     Dismissal With Prejudice.  The Action is hereby dismissed with prejudice in its entirety.  Each Party shall bear its own attorneys' fees and costs except as otherwise ordered by the Court on any application for an award of attorneys' fees or Litigation Expenses payable from the Settlement Fund, as set forth in the Stipulation.

24.     Entry of Judgment.  There is no just reason for delay in the entry of this Judgment Order, and immediate entry of judgment by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: ___3|12|15___                    ___K B. For___
                                         THE HONORABLE KATHERINE B. FORREST
                                         UNITED STATES DISTRICT JUDGE

11